People v Martinez-Severino (2020 NY Slip Op 03175)





People v Martinez-Severino


2020 NY Slip Op 03175


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Friedman, J.P., Kapnick, Kern, Singh, González, JJ.


11588 5536/14

[*1] The People of the State of New York, Respondent,
v
Winson Martinez-Severino, Defendant-Appellant.


Christina Swarns, Office of The Appellate Defender, New York (David Bernstein of counsel), and Milbank LLP, New York (Marguerite A. O'Brien of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 13, 2016, convicting defendant, after a jury trial, of assault in the second degree and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of three years, unanimously affirmed.
The court's Sandoval ruling was a provident exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]). The court permitted a limited inquiry into the underlying facts of a prior conviction. Despite some similarity to the charged crime, these facts were relevant to defendant's credibility, and any prejudicial effect was outweighed by the probative value.
Defendant expressly waived any claim that he was entitled to
a charge on the justifiable use of ordinary physical force. The record fails to support defendant's assertion that his trial counsel merely acquiesced in the court's allegedly erroneous determination that no such charge would be given. On the contrary, although counsel had previously sought to assert a justification defense, he ultimately conceded that the facts did not support such a defense and that he had no nonfrivolous basis to contend otherwise. We decline to review this claim in the interest of justice. As an alternative holding, we find that defendant was not entitled to an ordinary force justification charge because there is no reasonable view of the evidence that he used anything less than deadly force against the victim.
The court properly precluded defendant from calling a witness to testify about the victim's prior violent history, because defendant proffered no evidence, from that witness or otherwise, that defendant was aware of this history (see People v Miller, 39 NY2d 543, 552-553 [1976]). The other evidentiary rulings challenged on appeal were provident exercises of discretion that did not cause defendant any prejudice.
The court properly denied defendant's request for an adverse inference charge regarding a surveillance videotape that was not preserved by law enforcement. The record demonstrates that the video was not "reasonably likely to be material" (see People v Handy, 20 NY3d 663 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK